**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BUCK COOK, SR.,

   Plaintiff-Appellant,

v.

RON WARD, Director DOC,

   Defendant-Appellee.

No. 03-6341
(D.C. No. 03-CV-974-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Buck Cook, Sr., an Oklahoma state prisoner proceeding pro se,[1] filed an action pursuant to 42 U.S.C. § 1983 alleging the denial of due process and seeking compensatory and punitive damage relief, because he did not have an opportunity to earn level 4 credits for one year after he was charged with a prison misconduct that was later dismissed. The district court adopted the magistrate judge's recommendation that the action be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A,[2] because Mr. Cook failed to show he exhausted administrative remedies, as is required by 42 U.S.C. § 1997e. We affirm.

Mr. Cook was found guilty of a prison group disruption misconduct based on an incident occurring on July 18, 2000, and demoted from credit level 4. He appealed, alleging his due process rights were violated because he was not allowed to present staff witnesses or videotape evidence at the disciplinary hearing. The appeal was denied. Mr. Cook then filed a mandamus action in state district court asserting the same due process violations. The action was dismissed as moot after the Oklahoma Department of Corrections ordered rehearing based on the due process violations. Upon rehearing, on July 16, 2001, the misconduct

---

[1]    We liberally construe Mr. Cook's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

[2]    Defendant Ron Ward was never served.

charges were dismissed as lacking an evidentiary basis, and, on July 24, Mr. Cook was returned to credit level 4.

In his complaint filed on July 18, 2003, Mr. Cook alleged that his due process rights were violated because his level 4 credit status was not backdated to the date of the misconduct and he therefore lost level 4 credits for one year, which amounted to the loss of one and one half years of good time and the opportunity for parole. [3] He sought compensatory and punitive damages to remedy the alleged failure to restore his credits. He, however, indicated that he did not seek prison administrative relief with respect to his claim, but he unsuccessfully requested relief through the Oklahoma tort claims process. [4]

---

[3] Mr. Cook further clarified his allegations in his objections to the magistrate judge's report and recommendation:

> Plaintiff suffered a loss of his level IV status for over a year, and these credits that were lost have, [n]ot been restored by DOC. Plaintiff understands that he cannot retrieve his earned credits in this cause of action, but due to the given fact that plaintiff will have to spend an extra three (3) years in prison as a direct result of the non-restoration of his credits he would have earned if he maintained his Level IV status, and due to the plaintiff also being denied access to his Parole hearing in March 2001, as a direct result of his Maximum Security Status due to the erroneous misconduct, plaintiff was denied his freedom (Parole) and being detained from his freedom (earned credits) as a direct result of the misconduct that was over-turned.

R., Doc. 8 at 5.

[4] In the tort claims request, Mr. Cook indicated that his case manager and the

(continued...)

We review the district court's dismissal for failure to exhaust administrative remedies de novo. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). It is mandatory, even if the prisoner seeks relief, such as damages, that may not be available through the prison grievance process. *Id.* at 524; *see Booth v. Churner*, 532 U.S. 731, 734, 741 & n.6 (2001) (requiring exhaustion of remedies even if damage relief is unavailable, but another form of relief is available). Nothing in the record before us indicates that Mr. Cook sought prison administrative relief with respect to retroactive reinstatement of level 4 credits. We therefore conclude the district court correctly dismissed the request for damages for failure to exhaust administrative remedies. [5]

---

[4](...continued)
warden's assistant informed him that he would be returned to level 4 as of July 18, 2000, the date of the misconduct, but that did not happen.

[5] We note that in *Gamble v. Calbone*, 375 F.3d 1021, 1032 (10th Cir. 2004), a 28 U.S.C. § 2241 habeas action, this court awarded a full restoration of benefits upon a finding of the denial of due process and no evidence to support misconduct convictions.

In the district court, as on appeal, Mr. Cook complained in a conclusory and unsupported fashion about denial of access to a prison law library or legal assistance. Because he has not alleged and cannot allege facts showing he was unable to pursue a specific legal claim due to lack of access to a prison law library or legal assistance, he fails to state a claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996).

Also, in light of the district court's dismissal without prejudice and Mr. Cook's failure to exhaust administrative remedies, the district court did not abuse its discretion in implicitly denying Mr. Cook leave to amend his complaint.

The judgment of the district court is AFFIRMED. Mr. Cook's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED, but he must make partial payments as specified in 28 U.S.C. § 1915(b)(1) until the entire filing fee is paid. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-5-